IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WARRIORS AND FAMILY ASSISTANCE CENTER LLC, *individually and on behalf of all others similarly situated*, et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:23-cv-1473-DII |
| VA CLAIMS INSIDER LLC, et al., | § § § | |
| Defendants. | § § | |

### ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning Defendants VA Claims Insider, LLC, Brian T. Reese, and Laurel Reese's (collectively, "Defendants") Motion to Dismiss Plaintiffs' Amended Class Action Complaint, (Dkt. 24). (R. & R., Dkt. 45). Plaintiffs timely filed objections to the report and recommendation. (Objs., Dkt. 48). Defendants filed a response to Plaintiffs' objections. (Dkt. 49). Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that the motion should be granted in part and denied in part.

### I.   BACKGROUND

The parties in this case provide services for veterans applying for disability benefits through the Department of Veterans Affairs ("VA"). (Am. Comp., Dkt. 17, at 1). Submitting claims to the VA can be a complicated process; it requires completing forms, understanding unfamiliar terms, and providing medical evidence to receive a "disability rating" on a scale from 0 percent to 100 percent, which then determines the amount of monthly payments and eligibility for other VA benefits. (*Id.* at 7). A veteran can also pursue further review or appeal of their claim and may file multiple claims throughout their life, adding to the processes. (*Id.* at 8).

The VA regulates those who engage veterans to assist in the claims process. (*Id.* at 9; 38 C.F.R. § 14.636). Attorneys and agents preparing claims on behalf of veterans must be accredited by the VA. (*Id.* at 9). To become accredited, attorneys and agents must apply to the VA and complete requirements such as a background check and passing a test of their knowledge of relevant VA statutes and regulations. (*Id.* at 10). The VA also regulates the fees that may be charged in connection with these services. (*Id.*).

Plaintiffs are various VA-accredited individuals, as well as business entities doing business through VA-accredited agents and attorneys. (*Id.* at 4). Defendant VA Claims Insider LLC ("VACI") is a business entity, run by its sole member and president, Defendant Brian T. Reese, and its Chief Financial Officer, Defendant Laurel Reese. (*Id.*). Defendants are not VA-accredited. (*Id.* at 5). Defendants describe VACI as an "education-based coaching and consulting company that provides education and consulting services to veterans seeking VA disability benefits." (Dkt. 24, at 3).

Plaintiffs have brought a claim of false advertising under the Lanham Act and a claim of unfair competition by misappropriation under Texas common law against Defendants. (Am. Comp., Dkt. 17, at 50, 55). Plaintiffs allege that VACI's advertising makes false and misleading statements that harm Plaintiffs by distracting and steering veterans from their business. (*Id.* at 11, 41). In particular, Plaintiffs allege that VACI advertises that it does not prepare, present, or prosecute VA disability claims, while in reality performing these services. (*Id.* at 12). Plaintiffs also allege that VACI's advertising misleads veterans regarding VACI's fees, and that VACI charges fees unrelated to its services. (*Id.* at 19). Plaintiffs allege that these actions violate VA regulations and steer veterans away from seeking services from VA-accredited agents and attorneys. (*Id.* at 12, 22).

Defendants filed a motion to dismiss both of Plaintiffs' claims against all Defendants. Defendants raised multiple grounds for dismissal of Plaintiffs' false advertising claim: 1) the complaint is an inadmissible shotgun pleading; 2) Plaintiffs fail to plead VACI's advertising contains

misleading statements; 3) and Plaintiffs are impermissibly trying to enforce VA regulations, rather than the Lanham Act. (Dkt. 24). For Plaintiffs' unfair competition by misappropriation, Defendants argue for dismissal on the grounds that Plaintiffs failed to plead that there is a product that could be misappropriated. (Dkt. 24, at 16). This Court referred Defendants' motion to dismiss to United States Magistrate Judge Mark Lane for a report and recommendation. (Text Order, dated July 7, 2024). In his report, Judge Lane recommends dismissal of both Plaintiffs' claims with prejudice. Plaintiffs object to the recommendation to dismiss their false advertising claim but did not object to dismissal of their unfair competition by misappropriation claim. (Objs., Dkt. 45, at 1).

Judge Lane recommended dismissing Plaintiffs' false advertising claim on the grounds that Plaintiffs are impermissibly attempting to use a claim under the Lanham Act to enforce VA regulations. (R. & R., Dkt. 45, 9–11). This conclusion was guided by the Fifth Circuit's decision in *IQ Products Co. v. Penzoil Products Co.*, 305 F.3d 368 (5th Cir. 2002). (R. & R., Dkt. 45, at 11 ("Accordingly, following *IQ Products*, the undersigned will recommend that Plaintiffs' Lanham Act claim be dismissed.")). In their objections, Plaintiffs raised, for the first time, the United States Supreme Court's decision in *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102 (2014), arguing *POM* is controlling over *IQ Products* and reaches the opposite result.

## I.     LEGAL STANDARD

### A.  Report and Recommendation

The Federal Rules of Civil Procedure authorize magistrate judges to make findings and recommendations for dispositive motions. Fed. R. Civ. P. 72(b)(1). For dispositive motions, parties are entitled to *de novo* review of any part of a magistrate judge's report and recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge has the discretion to "accept, reject, or modify the recommended disposition." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(c).

3

### B. Motion to Dismiss

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to

4

dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

#### A. Report and Recommendations and Objections

At the outset, the Court must address the applicability of the Supreme Court's decision in *POM Wonderful* versus the Fifth Circuit's decision in *IQ Products*. Both cases analyzed how a private cause of action under the Lanham Act interacts with requirements under another federal statute that does not provide a private cause of action.

In *IQ Products*, the Fifth Circuit addressed the interaction of the private cause of action under the Lanham Act with the Federal Hazardous Substance Act ("FHSA"). The defendant marketed its Fix-A-Flat product without labeling it "flammable." *IQ Products*, 305 F.3d at 371–72. The plaintiff brought a false advertising claim under the Lanham Act, alleging the FHSA required the defendant to label the product "flammable. *Id.* at 372–73. The Consumer Product Safety Commission was responsible for enforcing the FHSA, and the statute did not authorize a private cause of action. *Id.* The Fifth Circuit held that the plaintiff's claim could not proceed because the plaintiff was "essentially seek[ing] to enforce the labeling requirements of the FHSA." *Id.* Here, Defendants argue that Plaintiffs are similarly attempting to enforce the VA's requirements by bringing their Lanham Act claim. (Dkt. 24, at 15).

In *POM Wonderful*, twelve years after *IQ Products*, the Supreme Court addressed the Lanham Act's interaction with the FDA's Food, Drug, and Cosmetic Act ("FDCA"), but came to the opposite conclusion of *IQ Products*. *POM Wonderful*, 573 U.S. at 106. The plaintiff in *POM Wonderful*, a juice manufacturer, brought a false-advertising Lanham Act claim against Coca-Cola, alleging Coca-Cola misled consumers with the name, label, marketing, and advertising of a juice blend by

5

implying it contained predominately pomegranate and blueberry juice when it did not. *Id.* at 105. The *POM Wonderful* defendants argued that the plaintiff's Lanham Act claim was precluded by the FDCA's labeling requirements, which did not provide a private right of action. *Id.* at 116–17. The Supreme Court unanimously rejected that argument. *Id.* at 113. The Court found that even though the plaintiff's Lanham Act claim touched on the same subject matter as the FDCA regulations, "'[t]here is no statutory text or established interpretive principle to support the contention that the FDCA precludes Lanham Act suits like the one brought by POM in this case." *Id.* at 106. The Court observed that the two statutes had coexisted for decades and complemented each other by having their own scope and purpose. *Id.* at 113, 115. Therefore, the plaintiff's Lanham Act claim could proceed despite the overlapping subject matter, because the plaintiff was trying to enforce the Lanham Act, not the FDCA. *Id.* at 117. Here, in their objections, Plaintiffs argue their Lanham Act claim should similarly be permitted despite overlapping subject matter with VA regulations, and that the report and recommendation erred by applying *IQ Products* instead of *POM Wonderful*.

In his preparing his report and recommendation, Judge Lane correctly relied on the parties' briefing regarding Defendants' motion to dismiss. Neither party initially raised *POM Wonderful*, instead both citing *IQ Products*. *POM Wonderful* was raised for the first time in Plaintiffs' objections to the report and recommendation. Defendants argue this means Plaintiffs waived any argument to be made according to *POM Wonderful*. (Dkt. 59, at 8). Defendants frame Plaintiffs' raising of *POM Wonderful* as a "new argument." (*Id.*). However, despite the initial briefing lacking analysis of *POM Wonderful*, the Court finds it must consider the logic of *POM Wonderful* in this case because Supreme Court precedent binds this Court. Other federal courts have extended the logic of *POM Wonderful* to the Lanham Act's interaction with federal statues other than the FDCA, finding "the arguments, logic, and holding of [POM] are couched in much broader language and strongly suggest a more wide-ranging application." *JHP Pharms., LLC v. Hospira, Inc.*, 52 F. Supp. 3d 992, 999 (C.D. Cal.

6

2014); *see also Pacira Biosciences, Inc. v. QuVa Pharma, Inc.*, No. 4:23-CV-4147, 2024 WL 4329142 (S.D. Tex. Aug. 26, 2024), *report and recommendation adopted*, No. CV H-23-4147, 2024 WL 4357567 (S.D. Tex. Sept. 30, 2024).

Applying *POM Wonderful*, the Court finds Lanham Act claims related to advertising for veterans' services are not precluded by the lack of a private cause of action to enforce the VA's regulations. The interaction between the Lanham Act and VA regulations has many of the same characteristics the Supreme Court identified of the interaction between the Lanham Act and the FDCA in *POM Wonderful*. VA regulations do not explicitly bar related Lanham Act claims, 38 C.F.R. § 14.636, and VA regulations and the Lanham Act have coexisted for many years. (*See* Dkt. 48, at 15–16). Additionally, VA regulations and the Lanham Act complement each other by having their own scope and purpose; VA regulations and enforcement protect veterans from unscrupulous business practices and the Lanham Act provides business competitors with a cause of action for false advertising. (*See id.* at 16–17). Therefore, the Court finds the lack of a private cause of action to enforce VA regulations does not prevent competitors in the veterans' assistance market from bringing Lanham Act claims.

Defendants argue that even when applying *POM Wonderful*, Lanham Act claims that rely on proving a violation of another law are still barred. (Dkt. 49, at 8–9). They contend that Plaintiffs' claims cannot be asserted without reference to VA regulations that Plaintiffs allege Defendants violate. (*Id.* at 9). However, while Plaintiffs do emphasize their allegations that Defendants' business is unlawful, at least some of Defendants' statements that Plaintiffs allege are misleading or false can be considered without reference to VA regulations. For example, Plaintiffs allege Defendants advertise:

> There is ZERO TOLERANCE for team members, contractors, or any other service providers who engage in any activity that has even the appearance of the preparation, presentation, or prosecution of claims. This includes, among other things, logging into a veteran's eBenefits

7

>   or VA.gov account, contacting anyone on behalf of a veteran, or submitting a VA disability claim on behalf of a veteran.

(Am. Comp., Dkt. 17, at 15). Plaintiffs allege this statement is misleading because VACI does prepare veterans' claims. (*Id.* at 16). The truth of this statement —whether VACI prepares veterans' claims—can be assessed without reference to VA regulations and without assessing the legality of VACI doing or not doing so. The same can be said for Plaintiffs' allegations regarding Defendants' advertisements that address VACI's fees and referrals. Plaintiffs allege Defendants advertise:

>   VA Claims Insider NEVER charges up-front fees for access and permission to use the VA Claims Insider Elite Membership program education based resources.
>
>   We never send an invoice until AFTER you have received an increase in your VA disability benefits.
>
>   VACI employees or contractors will never pressure clients to use a specific provider or to use all or any particular medical service.
>
>   VA Claims Insider, LLC does NOT receive any form of remuneration for referrals to our preferred provider network.
>
>   The additional medical services mentioned above are offered via our preferred provider network and are neither associated with nor influenced by VA Claims Insider, LLC in any way.

(*Id.* at 13, 15, 18, 19). Plaintiffs allege the statements regarding the fees are misleading or false because VACI does charge up-front fees and does charge fees before a veteran receives an increase in benefits. (*Id.* at 34). And they allege the statements regarding the referrals are misleading because Defendant Brian T. Reese does collect a payment for referrals. (*Id.* at 28). Again, the truth or misleading quality of these statements could be assessed without analyzing if VACI's fee or referral structure violates VA regulations. Therefore, Plaintiffs' allegations, though related to VA regulations, do not all rely on proving that Defendants violate VA regulations, and therefore are not barred even under Defendants' reading of *POM Wonderful*.

### B. Additional Grounds for Dismissal

Defendants' motion to dismiss raises additional grounds for dismissal. Apart from the conclusion based on *IQ Products* discussed above, the Court adopts Judge Lane's reasoning and conclusions on the grounds addressed in the report and recommendation. However, because the report and recommendation ended its analysis based on *IQ Products*, it did not reach Defendants' other arguments for dismissal, so the Court will address them now.

1. Misleading Statements

Defendants argue Plaintiffs fail to allege Defendants make any false or misleading statements, (Dkt. 24, at 9), which is a required element of a false advertising claim. *Priority Design & Serv., Inc. v. Plaza*, No. SA-19-cv-58, 2019 WL 2124677, at *3 (W.D. Tex. May 15, 2019) (citing *Pizza Hut, Inc. v. Papa John's Int'l*, 227 F.3d 489, 495 (5th Cir. 2000)). However, as discussed above, Plaintiffs allege Defendants make misleading statements in several categories, including 1) misleading statements that VACI does not prepare claims when it does; 2) misleading statements regarding VACI's fee structure; and 3) misleading statements regarding VACI's referral practices. (Am. Compl., Dkt. 17, at 12–16). Plaintiffs allege at paragraph 53 of their amended complaint, "Despite Defendants' myriad statements to the contrary, evidence abounds that VACI prepares, presents, prosecutes, and submits disability claims; charges fees unrelated to its services; steers veterans from accredited attorneys; and prepares claims using unlicensed and unskilled labor armed with generic templates, frequently offering minimal or no assistance." (*Id.* at 16). Defendants respond that their statements are not false or misleading, (Dkt. 24, at 11), but at the motion to dismiss stage, all of Plaintiffs' allegations must be taken as true. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Accordingly, the Court finds Plaintiffs' allegations sufficient at this stage.

2. Causation or Damages

Defendants also argue Plaintiffs fail to plausibly allege causation or damages. (Dkt. 24, at 18). But Plaintiffs allege "Defendants' statements were material because they were likely to, and in many or most cases did, influence veterans in making decisions about whose services to engage in pursuing their VA disability claims." (Am. Comp., Dkt. 17, at 52). Further, they allege, "Plaintiffs and Class members have been damaged by Defendants' statements and practices. They reasonably believe that they are likely to continue being damaged by Defendants' false and misleading statements if Defendants do not cease them. When veterans have been misled into engaging Defendants' services, rather than those of an accredited attorney or agent (like Plaintiffs and Class members), Plaintiffs and Class members lose the opportunity to fairly compete for those veterans' business." (*Id.*). These allegations sufficiently plead causation and damages by alleging Defendants' statements steered veterans to engage Defendants instead of Plaintiffs to Plaintiffs' detriment. The allegations' plausibility is further supported by customer reviews Plaintiffs provide that demonstrate veterans engaged VACI before engaging a VA-accredited agent or attorney. (*See* Dkt. 24, at 22–23). Defendants cite to *Photoprotective Techs., Inc. v. Rexel, Inc.*, to support their argument that Plaintiffs' allegations are insufficient, but in that case, the plaintiff only alleged a single purchaser had been misled. No. SA-10-CA-67-OG, 2010 WL 11601560, at *5 (W.D. Tex. Dec. 9, 2010), *report and recommendation adopted*, No. SA-10-CA-67-OG, 2011 WL 13272695 (W.D. Tex. Jan. 5, 2011). Here, Plaintiffs' allegations sweep much wider—Plaintiffs allege Defendants' statements mislead all the veterans that Plaintiffs and VACI compete to engage for business. The Court finds the allegations sufficient to plead causation and damages at this stage.

3. Claims Against Individual Defendants

Lastly, Defendants ask the Court to dismiss the individual Defendants Brian T. Reese and Laurel Reese. Defendants argue Plaintiffs fail to allege that these individual Defendants are liable to Plaintiffs, and that liability would require piercing the corporate veil. (Dkt. 24, at 19). However, under Fifth Circuit law, individuals can be liable for violations of the Lanham Act. *Mead Johnson & Co. v. Baby's Formula Serv., Inc.*, 402 F.2d 19, 23 (5th Cir. 1968) ("There can be no doubt but that a trademark, like a patent, can be infringed by an individual . . . The fact that the persons thus acting are acting for a corporation also, of course, may make the corporation liable under the doctrine of respondeat superior. It does not relieve the individuals of their responsibility."). In *Taylor Made Golf CO., Inc. v. MJT Consulting Grp., LLC*, a court in this circuit granted summary judgment against the sole member of an LLC in his individual capacity, for claim arising under § 43(a) of the Lanham Act. 265 F. Supp. 2d 732, 747–48 (N.D. Tex. 2003). The court found the member's involvement in procuring and inspecting the infringing items, discussing their source, and signing the consignment agreement for them made him a "principal architect" of the LLC's infringing activity. *Id.* at 747. Similarly, here, Plaintiffs allege Defendant Brian T. Reese is VACI's sole owner and managing member, and that he "personally wrote or said many of the false and misleading statements" alleged in the amended complaint. (Am. Comp., Dkt. 17, at 29). As for Defendant Laurel Reese, Plaintiffs allege that in her role as COO and CFO of VACI, she "facilitated the daily operations of the company to unfairly compete with Plaintiffs and Class members by engaging in illegal business practices and making false statements and/or serving in a position within VACI in which she knew, should have known, and/or was responsible for those false business practices and statements." (*Id.* at 30–31). Further, Plaintiffs allege the medical evaluation company that VACI refers veterans to (while making misleading statements about VACI's referral practices) is owned by Defendant Laurel Reese. (*Id.*). The Court finds these allegations sufficient for it to be plausible that both the individual

Defendants were "principal architects" in VACI's alleged false advertising, and accordingly declines to dismiss them from the case.

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that the report and recommendations of United States Magistrate Judge Mark Lane, (Dkt. 45), are **ADOPTED IN PART** and **REJECTED IN PART.**

**IT IS FURTHER ORDERED** Defendants' Motion to Dismiss, (Dkt. 24), is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion is **DENIED** as to Plaintiffs' false advertising claim and **GRANTED** as to Plaintiffs' unfair competition by misappropriation claim.

**IT IS FINALLY ORDERED** that Plaintiffs' unfair competition by misappropriation claim is **DISMISSED WITH PREJUDICE**.

**SIGNED** on December 10, 2024.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE